UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| SWEEPMASTERS PROFESSIONAL CHIMNEY SERVICES, LLC, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Civ. No. 1:16cv439 |
| VANESSA SERVICES, et al., Defendants. | ) ) ) | |

REPORT AND RECOMMENDATION

This matter came before the Court on plaintiff's Motion for Discovery Sanctions. (Dkt. 62.) Though defendant appeared pro se at the June 2, 2017, hearing on plaintiff's Motion for Discovery Sanctions, defendant has failed to comply with the Court's orders to participate in discovery in this matter. The undersigned Magistrate Judge took the motion under consideration and makes the following recommendation for default judgment against defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi) and 28 U.S.C.§636(b)(1)(B).[1]

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), Amended Complaint ("Am. Compl.) (Dkt. 10), Plaintiff's Motion for Default Judgment ("Mot. Default J.") (Dkt. 37), Plaintiff's Memorandum in Support of Its Motion for Default Judgment ("Mem. Supp. Mot. Default J.") (Dkt. 38), the Declaration of Anthony McBorrough ("McBorrough Decl.") (Dkt. 38-1), the Declaration of Robert F. Powers in Support of Plaintiff's Motion for Default Judgment ("Powers Decl.") (Dkt. 38-2), the Second Amended Complaint ("Second AC")(Dkt. 76), the Supplemental Affidavit of Robert F. Powers ("Supp. Powers Aff.") (Dkt. 79), and all attachments and exhibits submitted with those filings.

1

## I. INTRODUCTION

### A. Background

Plaintiff SweepMasters Professional Chimney Services, LLC ("plaintiff" or "SweepMasters") is a limited liability company organized and existing under the laws of Virginia. (Compl. ¶1; Second AC ¶1.) SweepMasters has provided chimney care and ancillary services, such as dryer vent cleaning and gutter cleaning, in Northern Virginia since January 2009. (Id. at ¶¶ 11,13,14.) To promote its business, SweepMasters owns and operates a website located at <www.sweep-masters.com> (Id. at ¶15; Mem. Supp. Mot. Default J. 5.) SweepMasters registered the content of its website, including literary material, photographs, and source code ("Registered Work"), with the U.S. Copyright Office in December 2011 and obtained a copyright with a registration number TXu001788292. (Second AC ¶16; Mem. Supp. Mot. Default J. 5.)

Defendants are Juan Garcia Ramos ("defendant" or "Juan Garcia"), also known as Juan Garcia, Juan L. Garcia, Juan Ramos, Juan L. Ramos, Juan L. Garcia Ramos, or Juan Lorenzo Garcia Ramos, a Virginia resident, and Vanessa Services, a sole proprietorship of defendant Juan Garcia. (Second AC ¶¶ 2-3; Mem. Supp. Mot. Default J. 6.) Plaintiff voluntarily dismissed the other defendants in this case, Vanessa Garcia, Simon Garcia, and McBorrough, LLC, on July 8, 2016, and October 6, 2016. (Dkts. 5,

2

32.)

On July 8, 2016, the Court granted Plaintiff's Emergency Motion for Leave to Amend the Complaint. (Dkt. 11.) On June 19, 2017, the Court granted plaintiff's Motion for Leave to File Second Amended Complaint to correct defendant's full legal name in the legally operative complaint. (Dkt. 77.) Plaintiff's Second Amended Complaint alleges claims against defendants under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act") for copyright infringement in violation of 17 U.S.C. § 105, unauthorized removal and alteration of copyright management information in violation of 17 U.S.C. §1202, false advertising in violation of Virginia Code §1802-214 and 59.1-68.3, and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(d). (Second AC 7-13; Mem. Supp. Mot. Default J. 6.) Plaintiff alleges that defendants own and operate a website located as <vanessaservices.com> which contains substantial material and content taken verbatim from SweepMaster's website. (Second AC ¶¶20, 23-26; Mem. Supp. Mot. Default J. 5.) Plaintiff contends this misappropriation of SweepMaster's website, including literary material, photographs, and source code, by defendants was done without permission or authorization by plaintiff. (Id.) Plaintiff now seeks statutory damages, reasonable attorneys' fees and costs, interest, and a permanent injunction prohibiting

3

defendants from using the SweepMasters' Registered Work for any purpose. (Second AC 13-15; Mem. Supp. Mot. Default J. 21-22.)

### B. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this dispute arises under the Copyright Act, as amended, 17 U.S.C. §§ 101 et seq. (Second AC ¶ 4.) Further, this Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as plaintiff's claims are so related to the claims within the Court's original jurisdiction that it is part of the same case or controversy. (Id. at ¶7.)

This Court has personal jurisdiction over defendants and venue in this District is proper under 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400 because defendants reside or defendants' agents reside or may be found in this District and a substantial part of the alleged acts of infringement occurred in this District. (Second AC ¶ 10; Mem. Supp. Mot. Default J. 7.)

### C. Service of Process

With leave from the Court granting plaintiff an extension of time to effectuate service of process, a process server personally served defendants on September 21, 2016. (Dkt. 30.) Defendant Juan Garcia accepted service on behalf of Defendant Vanessa Services. (Id.) Then on June 19, 2017, the Court granted plaintiff's Motion for Leave to File Second Amended Complaint,

4

which permitted plaintiff to serve defendants by mail. (Dkt. 77.) Plaintiff provided proof of service that defendants were served by email on June 14, 2017 and by mail on June 16, 2017. (Dkt. 78.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) as to defendants Juan Garcia and Vanessa Services.

### D. Grounds for Default Judgment

On October 14, 2016, plaintiff requested an entry of default against defendants Vanessa Services and Juan Garcia pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 33.) Defendants' answer was due no later than October 12, 2016 and defendants failed to plead or otherwise defend within that time period. (Id.) The Clerk of Court entered default as to defendants on October 17, 2016. The Honorable Liam O'Grady ordered plaintiff to file a motion for default judgment, an accompanying memorandum, and notice a hearing date for the motion for December 9, 2016. (Dkt. 35.) Plaintiff did not timely file its motion for default judgment so the hearing date was re-noticed for December 16, 2016. (Dkt. 41.)

On December 16, 2016, the undersigned held a hearing on the motion for default judgment and the matter was taken under advisement. (Dkt. 42.) After the hearing concluded, defendant Juan Garcia arrived and appeared pro se. The Court allowed defendants to file an appropriate responsive pleading to the

5

Complaint by January 6, 2017. (Dkt. 43.) Defendants filed an answer through counsel on January 6, 2017. (Dkt. 45.) Plaintiff served defendants with discovery, specifically its First Request for Production of Documents and Things, First Set of Interrogatories, and First Requests for Admissions on January 31, 2017. (Dkt. 63 at 3.) Defendants' objections were due February 15, 2017, and their responses were due March 2, 2017. (Id.) On February 22, 2017, defendants filed an untimely motion to dismiss and failed to notice the motion for hearing. (Dkt. 52.) When plaintiff telephonically met and conferred with defendants' counsel on April 3, 2017, pursuant to Local Rule 37(e), defendants' counsel confirmed that defendants were unwilling to provide any discovery responses in this matter. (Dkt. 63 at 3.) Plaintiff filed a motion to compel discovery on April 21, 2017. (Dkt. 55.) The undersigned granted the motion on April 27, 2017, and ordered defendants to fully respond to the discovery served upon them within 10 days from the date of the order. (Dkt. 58.) Further, the undersigned ordered plaintiff to submit a statement of fees and costs incurred in connection with the motion to compel. Plaintiff submitted the affidavit of Robert F. Powers in response to the order which set forth counsels' fees and costs for the motion to compel. (Dkt. 59.)

On May 3, 2017, defendants' counsel moved to withdraw as counsel for defendants due to the defendants' refusal to

communicate with counsel and refusal to participate in the discovery process. (Dkt. 60.) On May 11, 2017, the undersigned granted the motion to withdraw and further ordered defendants to pay plaintiff's counsel's fees and costs amounting to $2,400.00 for the motion to compel by May 25, 2017. (Dkt. 61.) The same day, plaintiff filed a motion for discovery sanctions requesting the Court enter default judgment against defendants or other relief due to defendants' failure to comply with the Court's April 27, 2017 order and continued refusal to participate in the litigation. (Dkts. 62, 63.)

On June 2, 2017, the undersigned held a hearing on the motion for sanctions. (Dkt. 72.) Defendant Juan Garcia appeared and proceeded <u>pro se</u>. His statements during the hearing are largely reflected in his letter to the Court dated June 2, 2017. (Dkt. 71.) Defendant Juan Garcia did not give the Court any assurances that the defendants would meaningfully participate in discovery or retain another attorney to represent defendant Vanessa Services. He also did not provide a reasonable explanation to the Court as to why he failed to comply with the Court's orders. The undersigned took the matter under advisement to issue this Report and Recommendation.

## II. <u>FINDINGS OF FACT</u>

Based on the Second Amended Complaint, the Motion for Default Judgment, Plaintiff's Memorandum in Support of Motion

for Default Judgment, the Declaration of Anthony McBorrough, and the Supplemental Affidavit of Robert F. Powers, the undersigned Magistrate Judge makes the following findings.

Plaintiff SweepMasters Professional Chimney Services, LLC is a limited liability company organized and existing under the laws of Virginia. (Second AC ¶1.) SweepMasters has provided chimney care and ancillary services, such as dryer vent cleaning and gutter cleaning, in Northern Virginia since January 2009. (Id. at ¶¶ 11,13, 14.) To promote its business, SweepMasters owns and operates a website located at <www.sweep-masters.com> (Id. at ¶15; Mem. Supp. Mot. Default J. 5.) SweepMasters registered the content of its website with the U.S. Copyright Office in December 2011 and obtained a copyright with a registration number TXu001788292. (Second AC ¶16; Mem. Supp. Mot. Default J. 5.)

Defendants are Juan Garcia, also known as Juan Garcia, Juan L. Garcia, Juan Ramos, Juan L. Ramos, Juan L. Garcia Ramos, or Juan Lorenzo Garcia Ramos, a Virginia resident, and Vanessa Services, a sole proprietorship of defendant Juan Garcia. (Second AC ¶¶2-3; Mem. Supp. Mot. Default J. 6.) Defendants own and operate a website located at <www.vanessaservices.com>. (Second AC ¶20; Mem. Supp. Mot. Default J. 5.) Defendants' website contains substantial material and content taken from plaintiff's website without plaintiff's permission or

8

authorization. (Second AC ¶¶ 20, 22-23; Mem. Supp. Mot. Default J. 5.) The infringing content includes the overview and summary of plaintiff's services, 13 photographs from plaintiff's website, and a near replica of html coding of plaintiff's website. (Second AC ¶¶24-26.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

### Count 1: Direct, Contributory and Vicarious Copyright Infringement

Plaintiff alleges that defendants infringed on plaintiff's copyrighted works in violation of the Copyright Act, as amended, 17 U.S.C. §§ 101 et seq. To establish a case of copyright infringement, a plaintiff must show (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." See 17 U.S.C. §§ 106, 501(a); see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

Here, plaintiff has pled that it is the owner of the

9

copyright in the Registered Work, SweepMaster's website content, with the Copyright Registration Number TXu001788292, and has presented a certificate of registration for the website at issue. (Second AC ¶¶16, 35, Exh. A.) Pursuant to 17 U.S.C. § 410(c) such registration constitutes prima facie evidence of the validity of the copyright. Furthermore, plaintiff pled that defendants infringed plaintiff's Registered Work in violation of 17 U.S.C. §106 and 17 U.S.C. §501 by copying, distributing, and publically displaying works that were copied from plaintiff's Registered Work and they are substantially similar, if not identical, to plaintiff's work. (Second AC ¶¶ 36-49; Mem. Supp. Mot. Default J. 9.) Plaintiff asserts the defendants willfully infringed the Registered Work by failing to appear in this lawsuit and by defendant's admission to the infringement. (Id. at 9-10; McBorrough Decl. ¶17.) Further, defendants continued their infringement until plaintiff sent a DMCA notice of takedown to defendants' webhost. (Powers Decl. ¶ 7, Exh. C.) Therefore, plaintiff has shown ownership and the violation of an exclusive right, and thus plaintiff SweepMasters has established all of the elements necessary for a copyright infringement claim.

### Count II: Violation of 17 U.S.C. §1202(b)

Section 1202(b) of the Digital Millennium Copyright Act ("DMCA") prohibits the removal and/or alteration of Copyright

10

Management Information. Section 1202(b) specifically states that

[n]o person shall, without the authority of the Copyright owner or the law (1) intentionally remove or alter any Copyright management information, (2) distribute or import for distribution Copyright management information knowing that the Copyright management information has been removed or altered without authority of the Copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that Copyright management information has been removed or altered without authority of the Copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. 1202(b).

Copyright management information is defined by Section 1202(c) in relevant part as "any of the following information conveyed in connection with copies or phonorecords of a work or Performances or displays of a work, including in digital form
....
(1) The title and other information identifying the work, including the information set forth on a notice of Copyright.
(2) The name of, and other identifying information about, the author of a work.
(3) The name of, and other identifying information about, the Copyright owner of the work, including the information set forth in a notice of Copyright.
....
(6) Terms and conditions for use of the work."

17 U.S.C. 1202(c).

Plaintiff pled it is the sole legal owner of all rights in the Registered Work and its copyright management information ("CMI"), including the identifying information about SweepMaster's website and its terms and conditions. (Second AC ¶16, 51; Mem. Supp. Mot. Default J. 10.) Plaintiff claims the defendants removed the bottom portion of the Registered Work

11

containing plaintiff's CMI and published it on their website. (Second AC ¶¶27(c), 52, Exh. B, C; Mem. Supp. Mot. Default J. 10-11.) Additionally, defendants replaced SweepMaster's CMI with their own contact information. (Id.)

Therefore, the undersigned finds plaintiff has sufficiently stated a claim for unauthorized removal and alteration of copyright management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. §1202(b).

### Count III: False Advertising Virginia Code §§18.2-214 and 59.1-68.3

Plaintiff claims defendants violated Virginia Code §18.2-214, which states:

"Any person, firm, association or corporation who or which intentionally removes, defaces, alters, changes, destroys or obliterates in any manner or way or who causes to be removed, defaced, altered, changed, destroyed or obliterated in any manner or way any trademark, distinguishment or identification number, serial number or mark on or from any article or device, in order to secrete its identification with intent to defraud, shall be guilty of a Class 1 misdemeanor."

Va. Code § 18.2-214. (Second AC ¶¶55-60.) Although this is a criminal statute, plaintiff contends there is a cause of action to recover civil damages under Virginia Code §59.1-68.3. (Mem. Supp. Mot. Default J. 11.) However, plaintiff concedes that recovery of statutory damages pursuant to Virginia Code §59.1-68.3 would be duplicative of the recovery requested under 17 U.S.C. §1203. (Id. at 19.) Therefore, the undersigned recommends the Court dismiss this claim.

12

## Count IV: False Advertising and False Designation Lanham Act Section 43 of 15 U.S.C. § 1125(a)

Plaintiff pleads a claim under the Lanham Act, 15 U.S.C. §1125(a) which provides that:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
(A) is likely to cause confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."

15 U.S.C. §1125(a)(1)(A). A plaintiff must prove (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred "in commerce"; (4) that the defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising" of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers. People for Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 364 (4th Cir. 2001). Although plaintiff does not own a federally registered trademark, it proceeds with this claim on common law grounds for trademark ownership. (Mem. Supp. Mot. Default J. 12-13.) Plaintiff states that it held itself out to the marketplace under the tradenames, "SWEEPMASTERS" and "SWEEPMASTERS PROFESSIONAL CHIMINEY SERVICES" ("SweepMaster marks" or "SM marks") since 2009. (Second AC ¶12; Mem. Supp. Mot. Default J. 13.) Its distinctive marks were used

13

by defendants in the metadata and source code of their infringing website. (Second AC ¶¶62-68; Mem. Supp. Mot. Default J. 13.) The wrongful infringement is alleged to have diverted web traffic and potential sales from plaintiff's website and towards defendants' infringing website through use of the SweepMasters marks in the metadata and source code. (Id.)

Accordingly, the undersigned Magistrate Judge finds that defendants' actions constitute a violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a). Defendants' unauthorized use of plaintiff's Marks in a competing business has caused and, if allowed to persist, will continue to cause harm to plaintiff's business.

### Count V: Accounting

In the Second Amended Complaint, plaintiff alleges that defendants "have been enriched by the wrongdoing alleged herein, and plaintiff is entitled to recovery of those amounts." (Second AC ¶¶70-71.) However, plaintiff has not included this request for relief in its motion for default judgment or memorandum in support. Therefore, the undersigned recommends the Court dismiss this claim.

## IV. REQUESTED RELIEF

### A. Injunctive Relief

Plaintiff requests a permanent injunction restraining defendant from using plaintiff's SweepMaster Marks and any and

all information found in SweepMasters' Registered Work for any purpose. (Mem. Supp. Default J. 15-16.) Under the Copyright Act, a court of competent jurisdiction "may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502.

Accordingly, the undersigned Magistrate Judge finds that plaintiff is entitled to injunctive relief in order to prevent continued harm to plaintiff caused by defendants' unauthorized use of plaintiff's SM Marks and Registered Work.

### B. Statutory Damages

"[A]n infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer ... or (2) statutory damages." 17 U.S.C. § 504(a). "The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action ... in a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c). Statutory damages for willful infringement must be no less than $750 and no more than $150,000 for each act of infringement. See 17 U.S.C. §504(c)(1),(2). As there has been no discovery in this case, it is not possible to ascertain the extent to which defendant has profited from the unauthorized use of plaintiff's Registered

Work. Thus, plaintiff seeks an award of $75,000.00 in statutory damages instead of an actual damages award. (Mem. Supp. Default J. 18.) Plaintiff supports this requested amount by highlighting that this infringement was the unauthorized reproduction of a substantial amount of commercial content by a direct competitor. (Id. at 17-18.)

Plaintiff is also seeking statutory damages pursuant to 17 U.S.C. §1203 which provides a court may award damages for each violation of not less than $2,500 or more than $25,000. 17 U.S.C. §1203(b), 17 U.S.C. §1203(c)(3)(b). Plaintiff requests $25,000.00, the maximum amount in statutory damages for the violation of the DMCA. (Mem. Supp. Default J. 18-19.)

The Court finds plaintiff's requests to be reasonable. Defendant's use of plaintiff's Registered Work violates plaintiff's exclusive right to the copyrighted work as outlined in 17 U.S.C. §106(1) and (3) and 17 U.S.C. §1202. Accordingly, plaintiff is entitled to statutory damages as compensation for defendants' infringement.

### C. Attorneys' Fees and Costs

Plaintiff also seeks an award of $57,440.08 for attorneys' fees and costs. (Supp. Powers. Aff. ¶¶19-20.) Pursuant to the Copyright Act, plaintiff is entitled to an award of full costs and reasonable attorneys' fees. 17 U.S.C. § 505. In pursuing this matter, plaintiff has incurred $56,490.00 in legal fees and

$950.08 in other costs. (Supp. Powers. Aff. ¶¶19-20; Mem. Supp. Default J. 19-21.) The undersigned Magistrate Judge finds these fees and costs to be reasonable.

### D. Interest

Plaintiff in its Second Amended Complaint and Motion for Default Judgment also requests that defendants pay interest on the above awards. Pursuant to 28 U.S.C. § 1961(a), interest is allowed on any money judgment recovered in a civil case in a district court. 28 U.S.C. § 1961(a). Therefore, plaintiff SweepMasters is entitled to interest on the award of statutory damages and attorneys' fees and costs from the date of judgment.

### V. RECOMMENDATION

For the reasons stated above, the undersigned recommends default judgment against defendants Juan Garcia Ramos and Vanessa Services. Specifically, the undersigned recommends that plaintiff be awarded $57,440.08 in attorneys' fees and costs pursuant to 17 U.S.C. § 505, $75,000.00 in statutory damages pursuant to 17 U.S.C. § 504, $25,000.00 in statutory damages pursuant to 17 U.S.C. §1203, and interest pursuant to 28 U.S.C. § 1961(a). Thus, the total recommended monetary award is $157,440.08, plus interest. Additionally, under 17 U.S.C. § 502(a) and 15 U.S.C. §§ 1116 and 1125, the undersigned Magistrate Judge recommends an injunction be entered restraining defendants and their agents, servants, employees, officers,

attorneys, successor, licensee, partners, and assigns, and all persons acting in concert or in participation with each and any one of them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling, or performing any of the Registered Work or SweepMasters Marks or anything substantially similar thereto, and to cease directly indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing and/or participating in the infringement of any of Plaintiff's protected rights by the Copyright Act, and to deliver to the Court for destruction or other reasonable disposition all such materials and means for producing the same in Defendants' possession, custody, or control.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

                                             /s/
                                    Theresa Carroll Buchanan
                                    United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

July 5, 2017
Alexandria, Virginia